UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETER J. MCDANIELS,

    Plaintiff,

v.

KATHLEEN PREITO, et al.,

    Defendants.

CASE NO. 3:17-cv-05801-RBL-DWC

ORDER DENYING MOTION TO SERVE AND MOTION FOR EXTENSION OF DISCOVERY DEADLINE

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Peter J. McDaniels, proceeding *pro se* and *in forma pauperis*, filed this lawsuit on October 4, 2017. Dkt. 1. Pending before the Court is Plaintiff's Motion to Serve Subpoena (Dkt. 33) and Motion for Extension of Time (Dkt. 34). After review of the record, both Motions (Dkts. 33, 34) are denied.

**I.    Motion to Serve Subpoena**

Plaintiff has filed a Motion to Serve Subpoena, asking the Court to direct the Clerk to issue subpoenas for video tapes allegedly in possession of Defendants. Dkt. 33. Generally, pro se

parties may be entitled to the issuance of a subpoena commanding the production of documents from a nonparty, subject to certain requirements. *See* Fed. R. Civ. P. 26(b), 34(c), 45. However, courts "will consider granting such a request only if the documents sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendant through a request for production." *Sessing v. Sherman*, No. 1:13-cv-01684-LJO-MJS (PC), 2016 WL 5093929 at *2 (E.D. Cal. July 18, 2016) (citing Fed. R. Civ. P. 34); *see also Kitchens v. Tordsen*, No. 1:12-cv-0105-SWI-MJS (PC), 2014 WL 4418108 at *1 (E.D. Cal. Sept. 5, 2014). Before the Court will consider serving a subpoena, a plaintiff must first attempt to acquire the materials through the discovery process and then, if a defendant refuses to produce the discovery, filing a motion to compel. *See Sessing*, 2016 WL 5093929 at *2; *Kitchens*, 2014 WL 4418108 at *1.

Here, Plaintiff requests the Court direct the Clerk to issue subpoenas regarding two surveillance videos allegedly in Defendants' possession and containing allegedly relevant evidence. Dkt. 33. However, Plaintiff has not shown whether he attempted to utilize the discovery process to acquire these videos and the record reflects Plaintiff has not filed a motion to compel attempting to acquire the videos. *See* Dkt. 19. Further, Defendants have stated serving the subpoena would be fruitless because the video surveillance Plaintiff requests never existed.[1] Dkt. 35. Thus, Plaintiff is not entitled to have the Court direct service of his subpoenas. Therefore, the Court denies Plaintiff's Motion to Serve Subpoena (Dkt. 33).

**II.     Motion for Extension of Time**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent. Plaintiff requests an extension of 90 days

---

[1] Plaintiff argues Defendants should be subject to sanctions because he alleges the videos did exist, but Defendants purposefully destroyed them. Dkt. 39, p. 3. However, Plaintiff has provided no evidence to support this allegation, and so the Court declines to impose sanctions at this time.

because "the defendants have produced ZERO responses" to his discovery requests. Dkt. 34. Defendants responded, stating that they are working with Plaintiff on his discovery requests to see if any outstanding discovery issues can be resolved with supplemental answers. Dkt. 37. They also state they have provided Plaintiff with 743 pages of responsive documents in response to Plaintiff's 281 discovery requests as of August 20, 2018. Dkt. 38. They further note they received additional discovery requests on August 10, 2018, which they were still processing as of August 20, 2018. *Id*.

Based on the record before the Court, an extension of the discovery period is not warranted here. The Court's original Scheduling Order, filed on December 15, 2017, set the discovery deadline to June 13, 2018. Dkt. 18. Upon a motion from Plaintiff, the Court extended that deadline to September 14, 2018. Dkt. 32. Plaintiff has thus had nine months to complete discovery. Though Plaintiff argues Defendants have not provided him discovery, the evidence submitted by Defendants contradicts that assertion. *See* Dkt. 37. The record reflects Defendants have consistently worked with Plaintiff to resolve discovery disputes, have already produced substantial discovery, and are continuing to process Plaintiff's additional discovery requests. The Court thus finds Plaintiff has not shown good cause for an extension of the discovery deadline. Therefore, the Court denies Plaintiff's Motion for Extension of Time (Dkt. 34).

### III. Conclusion

For the reasons stated herein, Plaintiff's Motion to Serve Subpoena (Dkt. 33) and Motion for Extension of Time (Dkt. 34) are denied. The discovery deadline remains at September 14, 2018, and the dispositive motions deadline remains at October 12, 2018.

Dated this 19th day of September, 2018.

David W. Christel
United States Magistrate Judge